ACCEPTED
03-15-00436-CV
6093950
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 11:28:36 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00436-CV

_____

**IN THE COURT OF APPEALS**

**THIRD JUDICIAL DISTRICT COURT**

**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 11:28:36 AM
JEFFREY D. KYLE
Clerk

_____

CHARLES O. "CHUCK" GRIGSON,
APPELLANT

VS.

FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, TRUCK UNDERWRITERS ASSOCIATION, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, AND THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE, APPELLEES

_____

On Interlocutory Appeal from the 53rd District Court of Travis County, Texas

_____

**APPELLANT GRIGSON'S EMERGENCY MOTION TO STAY THE SENDING OF CLASS NOTICE**

_____

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:**

COMES NOW, Appellant [Intervenor below] Charles O. "Chuck: Grigson ["Grigson"] who files this Emergency Motion to Stay Class Notice pending his

interlocutory appeal pursuant to §51.014(a)(3), Texas Civil Practices & Remedies Code and Rules 9, 10 and 29.5 of the Texas Rules of Appellate Procedure. Grigson seeks emergency relief pursuant to Rule 10.3(a)(3), and in support thereof, respectfully shows the Court the following:

1.     This is an interlocutory appeal of an order entered on July 6, 2015 certifying a settlement class action.   Under the order, class notice must be sent by September 7, 2015; beginning July 13, 2015 class notice must be continuously posted on the settling parties' websites; class members desiring to opt out or file objections must do so in writing by November 13, 2015; and the hearing on final approval is set for February 1, 2016.   (Order of Preliminary Approval, paras. 6, 7, 11, and 12) (Ex. A) ("the 2015 order").

2.     Section 51.014(b) of the Texas Civil Practice and Remedies Code stays "all other proceedings in the trial court pending resolution" of this appeal.  It is clear that the final hearing cannot be held on February 1, 2016—nor can the other deadlines in the order and notice be met--before the Court can dispose of the merits of this appeal.[1]   Accordingly, the class notice ordered by the trial court will misinform and confuse the putative class and interfere with Court's jurisdiction to determine whether the 2015 order and the notice it requires can be upheld.

---

[1]     This Court's most recent interlocutory decision rejecting a class certification took 14 months from date of filing until its opinion was issued.  See *Canyon Lake Island Property Owners Ass'n, et al v. Sterling/Suggs, et al,* 2015 WL 3543125 (Tex. App. Austin, June 5, 2015).

**APPELLANT GRIGSON'S EMERGENCY**
**MOTION TO STAY CLASS NOTICE**                                                              2

3.     In addition, should the Court sustain this appeal and reverse the 2015 order, the sending of notice to the 1.8 million policyholders in the three settlement classes will have wasted the estimated $2.5 million cost of notice.[2]   Most, if not all of this cost, will be paid with policyholder money held by the policyholder-owned insurance exchanges who are defendants in this case.   As confirmed by David Mattax, Commissioner of Insurance, the policyholders cannot opt out of this cost.[3]   Concern over the waste of policyholder money on the cost of notice was the basis of the emergency motion for stay granted by this Court in the appeal of the 2003 settlement of this case.   See Exhibit C.

4.     Grigson seeks relief from this Court only after having sought and been denied relief from the trial court.  See Order Denying Intervenor's Request to Stay Sending of Class Notice entered July 13, 2015.   See Exhibit D.

WHEREFORE, PREMISES CONSIDERED, Appellant Grigson prays that the his motion be granted; that the sending of class notice be stayed until further order of this Court; that the postings of the 2015 order and class notice on the following websites be removed until further order of this Court, to-wit:

http://www.farmers.com/news/summary-notice-settlement-texas/;

www.TexasFarmersSettlement.com;

---

[2] Estimate supplied by David Mattax, Commissioner of Insurance.  See Exhibit B.

[3]  See Exhibit B.

APPELLANT GRIGSON'S EMERGENCY
MOTION TO STAY CLASS NOTICE                                                          3

http://www.tdi.texas.gov/news/2015/tdi762015.html;

http://www.tdi.texas.gov/news/2015/documents/150706.docx;

http://www.tdi.texas.gov/news/2015/documents/150706s.docx;

https://www.texasattorneygeneral.gov/news/releases/texas-attorney-general-and-texas-insurance-commissioner-obtain-approval-of;

https://www.texasattorneygeneral.gov/files/epress/files/2015/Preliminary_Approval_Order.pdf;

https://www.texasattorneygeneral.gov/files/epress/files/2015/SF-Final.pdf;[4]

and that Grigson have such other and further relief, both general and special, legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

CHARLES O. "CHUCK" GRIGSON
APPELLANT

LAW OFFICES OF JOE K. LONGLEY

_____/s/ Joe K. Longley_____
Joe K. Longley
State Bar No. 12542000
1609 Shoal Creek Blvd. #100
Austin, Texas 78701
512-477-4444 PHONE
512-477-4470 FAX

LAW OFFICE OF PHILIP K. MAXWELL
Philip K. Maxwell
State Bar No. 13254000

---

[4] See Exhibit E, Proposed Order Granting Appellant's Motion for Emergency Relief.

1609 Shoal Creek Blvd #100
Austin, Texas 78701
512-947-5434 PHONE

ATTORNEYS FOR APPELLANT,
CHARLES O. "CHUCK" GRIGSON

## CERTIFICATE OF CONFERENCE

Grigson's counsel has conferenced with Scott Incerto, Lead Counsel for the Farmers Parties; and Joshua Godbey, Lead Counsel for the State of Texas, regarding this motion. Both oppose granting the relief sought by this motion. Scott Incerto has stated that he will file a response on behalf of the Farmers Parties.

_____/s/ Joe K. Longley_____
Joe K. Longley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on the following counsel of record by email transmission on this the 16th day of July, 2015.

Joshua Godbey
Office of the Attorney General of
Texas
P. O. Box 12548
Austin, TX  78711-2548

Sara Waitt
General Counsel
Texas Department of Insurance
P. O. Box 149104
Austin, TX 78714-9104

M. Scott Incerto
Norton Rose Fulbright
98 San Jacinto Blvd #1100
Austin, TX 78701

Marcy Greer
Alexander Dubose Jefferson &
Townsend, LLP
515 Congress Ave., Suite 2350
Austin, TX 78701

Michael J. Woods
8620 N. New Braunfels, Ste. 522
San Antonio, TX 78217

Joseph C. Blanks
PO Box 999
Doucette, TX 75942


_____/s/ Joe K. Longley_____
Joe K. Longley

# VERIFICATION

THE STATE OF TEXAS          §

COUNTY OF TRAVIS            §

BEFORE ME, the undersigned authority, on this day personally appeared Joe K. Longley, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said the following:

"My name is Joe K. Longley, and I am capable of making this affidavit, and the facts in this affidavit are true and within my personal knowledge. I am lead counsel for Appellant Charles O "Chuck" Grigson. All documents (Except Exhibit E – the Proposed Order for this Motion) included in the APPENDIX filed for this Emergency Motion to Stay Sending of Class Notice are true and correct copies of documents filed or presented to the trial court in this action. I have read the Emergency Motion to Stay Sending of Class Notice and the factual statements contained therein that are not otherwise established by this record are within my personal knowledge and are true and correct."

"Further, Affiant sayeth not."

_____
Joe K. Longley

SUBSCRIBED AND SWORN TO before me on this the 16th day of July, 2015.

_____
Notary Public, State of Texas
My Commission Expires: July 8, 2018

**VERIFICATION OF JOE K. LONGLEY**                                    1

_____

# IN THE COURT OF APPEALS
# THIRD JUDICIAL DISTRICT COURT
# AUSTIN, TEXAS

_____

CHARLES O. "CHUCK" GRIGSON,
                                    APPELLANT
VS.

FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION,
FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE
EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS
INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF
TEXAS, MID-CENTURY INSURANCE COMPANY, TRUCK INSURANCE
EXCHANGE, TRUCK UNDERWRITERS ASSOCIATION, FARMERS TEXAS
COUNTY MUTUAL INSURANCE COMPANY, AND THE STATE OF TEXAS,
THE TEXAS DEPARTMENT OF INSURANCE,
AND THE TEXAS COMMISSIONER OF INSURANCE,
                                    APPELLEES

_____

On Interlocutory Appeal from the 53rd District Court of Travis County, Texas

_____

**APPELLANT GRIGSON'S APPENDIX IN SUPPORT OF EMERGENCY
MOTION TO STAY SENDING OF CLASS NOTICE**

_____

**Exhibit "A"**      July 6, 2015 Order of Preliminary Approval

**Exhibit "B"**      7/1/2015 Testimony of David Mattax

**Exhibit "C"**      July 7, 2003 Order in 03-03-00374-CV

**Exhibit "D"**      July 13, 2015 Order Denying Motion to Stay

**Exhibit "E"**     Proposed Order on Emergency Motion

# EXHIBIT A

Filed in The District Court
of Travis County, Texas

JUL - 6 2015

At ___9:34___ a. M.
Velva L. Price, District Clerk



| | | |
|---|---|---|
| THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, and THE TEXAS COMMISSIONER OF INSURANCE, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, MID-CENTURY INSURANCE COMPANY, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, and TRUCK UNDERWRITERS ASSOCIATION, | § § § § § § § § § § § § § | OF TRAVIS COUNTY, TEXAS |
| | § | 261ST JUDICIAL DISTRICT |
| Defendants. | | |

## ORDER OF PRELIMINARY APPROVAL

This matter came on for hearing on July 1 and 2, 2015, for preliminary approval of the Second Amended Settlement Agreement and Stipulation of December 18, 2002, as amended on June 13, 2003, and as further amended on August 29, 2013, and the Supplement to the Second Amended Settlement Agreement and Stipulation of March 4, 2015 (collectively referred to as "Second Amended Settlement Agreement" or "Settlement Agreement") between the State of Texas, the Texas Department of Insurance, and the Texas Commissioner of Insurance, on behalf of Texas policyholders of the Defendants in the classes defined below (collectively, the "State") and Fire Underwriters Association, Farmers Group, Inc. d/b/a Farmers Underwriters Association,

Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association (collectively, the "Farmers Parties"). The State and the Farmers Parties have moved jointly, pursuant to Texas Rule of Civil Procedure Rule 42(e) and Texas Insurance Code § 541.266, for an Order of Preliminary Approval ("Order") (1) preliminarily approving the settlement of all claims asserted in the above-captioned cause ("Action"), the terms of which are set forth in the Second Amended Settlement Agreement, which has been filed with the Clerk of the Court, and (2) approving the proposed notice to the Classes.

The Court having read and considered the Second Amended Settlement Agreement and attached exhibits, including the proposed Notice of Proposed Class Settlement, the proposed Claim Form, the proposed form of Final Judgment, exhibits, pleadings and record in this case, the evidence and other materials presented at the hearing, and argument of counsel and applicable authorities, finds that there exists substantial and sufficient grounds for entering this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.

2.     The Court has previously certified, only for purposes of effectuating the Settlement Agreement, the following Settlement Classes ("Settlement Classes"):

> (i)     All of the Exchanges' Texas homeowners insurance policyholders (a) whose homeowners insurance policy incepted (including renewals) from December 28, 2001, through and including December 27, 2002, or (b) who received a notice at any time after November 14, 2001, that their HO-B policy would not be renewed ("Rate Class");

2

(ii)      All of the Exchanges' Texas homeowners insurance policyholders who according to Farmers' records were eligible to receive discounts for FPRA, age of home, or territory from November 16, 2000, through and including December 10, 2002 ("Discount Class"); and

(iii)      All Texas homeowners or automobile insurance policyholders of the Exchanges or the Automobile Insurance Providers who according to Farmers' records were provided or should have been provided a Credit Usage Notice from October 1, 1999, through February 28, 2003 ("Credit Usage Notice Class")

That certification decision has been affirmed in its entirety by the appellate courts of Texas. *Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 420, 427-28 (Tex. 2007) (holding that "the standard class action requirements must be applied generally to the claims asserted by Attorney General, not the Attorney General himself," and directing court of appeals to address intervenors' remaining points of error on remand); *Lubin v. Farmers Grp., Inc.*, No. 03-03-00374-CV, 2009 WL 3682602, at *26-32 (Tex. App.—Austin Nov. 6, 2009, no pet.) (overruling intervenors' other objections to certification).

5.      The Court further finds that at no time during the course of this litigation has there been any collusion whatsoever between the State and the Farmers Parties with respect to negotiating the Settlement Agreement and that the State has represented, and will continue to represent, the interests of the Farmers' policyholders fairly and adequately and without a conflict of interests. Accordingly, the Court preliminarily approves: (a) the Second Amended Settlement Agreement, including the terms and the releases contained in it, as being fair, just, reasonable, and adequate as to the Settlement Classes; and (b) the Settlement Funds described in the Settlement Agreement, including the Prospective Rate Reduction, Retrospective Rate Reduction, Individualized Discount Adjustment, Credit Usage Notice Fund, and the proposed additional consideration, subject to the right of any member of the Settlement Classes to exclude himself or herself from the Settlement Classes in accordance with the terms set forth in the Settlement

3

Agreement, and to show cause, if any exists, why a Final Judgment should not be entered in accordance with the terms of the Settlement Agreement.

6.     A hearing ("Settlement Hearing") shall be held before this Court on February 1, 2016, at 9:00 a.m. in the 53rd Judicial District Court Room:  (a) to determine whether the proposed Second Amended Settlement Agreement is fair, reasonable, and adequate and should be approved, and whether the Final Judgment should be entered as to claims asserted in this litigation, or which could have been asserted, against the Released Parties on the merits; (b) to determine whether the Settlement Classes members' right to adequate representation has been satisfied; and (c) to reserve jurisdiction to effect and enforce the Settlement Agreement.

7.     The Farmers Parties shall disseminate notice of the proposed Second Amended Settlement Agreement and Settlement Hearing to putative members of the Settlement Classes within sixty (60) days of the date of this Order.  The Court approves Rust Consulting, an independent third-party settlement administrator, as Farmers' agent to carry out the notice campaign and settlement administration as approved by the Court.  A copy of the Notice of Proposed Class Settlement ("Notice"), together with a copy of the Claim Form, substantially in the forms attached as Exhibits 1 and 2, shall be mailed by first-class U.S. mail, postage prepaid, to all members of the Settlement Classes at the address of each such person as set forth in the records of the Released Parties or as otherwise may be identified through reasonable effort, as more thoroughly explained in the March 28, 2014, Affidavit of Kimberly K. Ness and the May 29, 2015, Declaration of Joel K. Botzet of Rust Consulting.  In addition, commencing within seven (7) days of the date of this Order and continuing until the date of the Settlement Hearing, the Office of the Attorney General, the Texas Department of Insurance, and the Farmers Parties shall   post   on   their   respective   Internet   web-sites   (www.texasattorneygeneral.gov,

4

www.tdi.texas.gov and www.farmers.com), as well as at www.TexasFarmersSettlement.com, a Summary Notice of Settlement, substantially in the form attached as Exhibit 3 ("Summary Notice") (in both English and Spanish). The Court will permit the Parties to the Settlement Agreement to additionally post the following items on the TexasFarmersSettlement.com website: (a) a copy of the executed Second Amended Settlement Agreement (and exhibits) and (b) Commonly Asked Questions and Answers that are either approved by the Parties or ordered by the Court.

8.     The Court approves the form of the class Notice, the Summary Notice, and the Claim Form, and finds that the procedures established for mailing and distributing such notices substantially in the manner and form set forth in paragraph 7 of this Order meet the requirements of Rule 42 of the Texas Rules of Civil Procedure and §§ 541.261 and 541.267(b) of the Texas Insurance Code, and due process, and constitute the best notice practicable under the circumstances.

9.     To effectuate the provision of notice provided in paragraph 7 above, the Farmers Parties shall be responsible for the receipt of all responses from the members of the Settlement Classes and, until further order of this Court, shall preserve all entries of appearance, Claim Forms, requests for exclusion, and any and all other written communications from members of the Settlement Classes or any other person in response to the Notice. The costs of notification of the Settlement Classes as provided in this Order, including printing, mailing, and posting on the Internet of the required notices shall be borne by the Party charged with the responsibility for such actions in paragraph 7 this Order.

10.     Three (3) days before the date fixed by this Court for the Settlement Hearing, the State and the Farmers Parties shall cause to be filed with the Clerk of the Court affidavits or

5

declarations of the person or persons under whose general direction the mailing of the Notice and the distribution of the Summary Notice by posting on the web-sites identified in paragraph 7 shall have been made, showing that such mailing and distribution have been made in accordance with this Order.

11. Each member of the Settlement Classes will be bound by the proposed settlement provided for in the Settlement Agreement, and by the Final Judgment or any other determination by this Court affecting the Settlement Classes, unless such member shall mail, by first-class U.S. mail, a written request for exclusion from the Settlement Classes, post-marked no later than November 13, 2015, addressed to State of Texas v. Farmers Settlement Administrator, Rust Consulting, Inc.; P.O. Box 9348; Minneapolis, MN, 55440-9348. Such request for exclusion must state: (a) the name, address and telephone number of the person seeking exclusion; (b) whether such person has a homeowners or automobile insurance policy from the Farmers Parties, or both; (c) the date of inception of such policy(ies) and the most recent date of renewal for such policy(ies), if available; (d) the policy number(s), if available; and (e) that the person making the request wishes to be excluded from the Settlement Classes. Because the Settlement Agreement is intended to be a resolution of all Released Claims, any person requesting exclusion must either exclude himself or herself from the Settlement Agreement in its entirety, or submit to the Settlement Agreement in its entirety. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph and in the Notice. If a member of the Settlement Classes requests to be excluded, that person will not receive any benefit from the Retrospective Rate Reduction, the Individualized Discount Adjustment, or the Credit Usage Notice Fund provided for in the Settlement Agreement, in the event the Settlement Agreement is approved by the Court. Nor will such person be permitted to participate further in

6

the Action. Any Class Member who does not request exclusion in the manner provided for in this Order may, but need not, enter an appearance in this Action at his or her own cost through counsel of his or her own choice. If a member of the Settlement Classes does not enter an appearance, that person's interests will be represented by the State in the Action.

12. Any member of the Settlement Classes who has not requested exclusion from the Settlement Classes may appear at the Settlement Hearing, in person or through counsel, to object and be heard in opposition to any of the matters to be heard at the Settlement Hearing, including (a) the requested approval of the Settlement Agreement as fair, adequate, and reasonable, and/or (b) the requested entry of the Final Judgment. A member of the Settlement Classes cannot request exclusion from the Settlement Classes AND object to the Settlement Agreement. For any objection to be considered by the Court, the objector must mail a valid written objection, and it must be postmarked by no later than November 13, 2015. In order to be valid, the written objection must set forth: (a) a reference, at the top, to "State of Texas v. Farmers, Cause No. GV202501;" (b) a statement as to whether the objector intends to appear at the Settlement Hearing, either in person or through counsel; (c) a detailed statement of the specific basis for the objection; (d) the name that is set forth on the Notice that was sent to the objector; (e) the objector's current name, if different from the name set forth on the Notice; (f) the objector's current address; (g) the objector's current telephone number and, if available, telecopier number; (h) the objector's type of policy and policy number; and (i) the objector's signature or that of his or her authorized representative. Three copies of the written objection must be sent, the first addressed to the District Clerk of Travis County, Texas, 1000 Guadalupe Street, Austin, Texas 78701, the second addressed to Joshua R. Godbey, Assistant Attorney General, Financial Litigation, Tax, and Charitable Trusts Division, Office of the Attorney General, P.O. Box 12548,

7

Austin, Texas 78711-2548, and the third addressed to M. Scott Incerto, Norton Rose Fulbright US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701. If an objection does not include all of the required information or if it is not timely mailed to the three correct addresses, then it shall be invalid, and it will not be considered by the Court. Any member of the Settlement Classes who does not object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Agreement and the proposed Final Judgment. Any replies to such objections shall be filed by December 15, 2015.

13.     If the Court gives final approval to the Settlement Agreement and enters a final judgment, in order to be entitled to participate in the Credit Usage Notice Fund portion of the Settlement Agreement, a member of the Credit Usage Notice Class who has not requested exclusion from the Settlement Classes must submit a Claim Form, substantially in the form attached as Exhibit 2, to the Claims Administrator at the address set forth in the Notice. Such Claim Form must be completed and postmarked on or before April 1, 2016. Any member of the Credit Usage Notice Class who does not submit a completed Claim Form and follow the process for certifying review of his or her individual credit report as provided for in section IV(4) of the Settlement Agreement shall not be entitled to share in the Credit Usage Notice Fund, but nonetheless shall be bound by the terms of the Second Amended Settlement Agreement and by the Final Judgment and any other Order of this Court approving the Second Amended Settlement Agreement, including all releases, and shall be barred and enjoined in this or any other action from asserting any Released Claims.

14.     Members of the Rate and Discount Classes shall automatically receive their share of Settlement Funds within 30 days after the Effective Date of the Second Amended Settlement

8

Agreement, unless they file a written request for exclusion from the Settlement Classes as provided in paragraph 11 above.

15. The Court expressly retains the power to adjourn the Settlement Hearing, without any further notice other than an announcement at the Settlement Hearing of adjournment, and to approve, modify, or disapprove the Second Amended Settlement Agreement without further notice to members of the Settlement Classes. The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed settlement.

16. The administration of the Second Amended Settlement Agreement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Fund, shall be under the authority of the Court. The Parties to this Second Amended Settlement Agreement, their counsel in any capacity in which they may act in implementation and fulfillment of the Settlement Agreement, and any employees or agents of such law firms or the Parties to the Second Amended Settlement Agreement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement) shall not be liable for anything done or omitted in connection with the Second Amended Settlement Agreement and its administration except for their own willful misconduct.

17. The Parties to the Settlement Agreement are directed to carry out their obligations under the Second Amended Settlement Agreement.

18. In the event that the Second Amended Settlement Agreement is not approved by the Court, or the Court enters the Final Judgment and it is vacated or modified on appeal, or otherwise altered in a material way, or the Effective Date for any other reason does not occur, and if any Party to the Second Amended Settlement Agreement accordingly exercises its right to

9

terminate the Settlement Agreement pursuant to its terms, then the Second Amended Settlement Agreement and any actions to be taken in connection with it shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any Party; (b) shall not be deemed or construed as evidence or an admission by any Party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action, or any other action or proceeding in this or any other forum, judicial, administrative, or otherwise, except proceedings to enforce the Settlement.

SIGNED _July 6, 2015_ , 2015.

_____
PRESIDING JUDGE

10



**Exhibit 1**

# If You Had Certain Home or Auto Insurance in Texas,

## You May Be Eligible for Benefits from a Class Action Settlement.

*A Texas court authorized this notice. This is not a solicitation from a lawyer.*

- You have been identified from Farmers' records as someone who had a homeowners or automobile insurance policy in Texas between October 1999 and February 2003.

- A Settlement has been reached with certain Insurance Exchanges and Providers ("the Defendants," *see* Question 1 for a complete list) in a class action lawsuit about the pricing and marketing of certain homeowners and automobile insurance policies. Generally, the Settlement includes Texas homeowners or automobile insurance policyholders who had certain types of insurance policies with the Defendants between October 1, 1999 and February 28, 2003 (*see* Questions 5 & 6).

- The Settlement provides payments to eligible policyholders for rate reductions or discounts on past insurance premiums and free credit reports and payments of $35 for not receiving adequate notice from the Defendants about their use of credit information (*see* Question 9).

  **Your legal rights are affected even if you do nothing. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment under the Credit Usage Fund (*see* Question 13). |
| **ASK TO BE EXCLUDED** | Get no benefits from the Settlement. This is the only option that allows you to sue the Defendants over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court if you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive payment (if eligible) as a member of the Rate Class or Discount Class. Do not receive payment under the credit usage fund. Give up rights to pursue your own lawsuit about the claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will only be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

QUESTIONS? CALL **1-888-222-0691** OR VISIT WWW.TEXASFARMERSSETTLEMENT.COM
PARA UNA NOTIFICACIÓN IN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE.

## What This Notice Contains

**BASIC INFORMATION** ................................................................................................... 3
    1.      Why is there a notice?
    2.      What is this lawsuit about?
    3.      Why is this a class action?
    4.      Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?** .......................................................................... 4
    5.      Who is included in the Settlement?
    6.      What type of insurance policies are involved in the Settlement?
    7.      What is a Credit Usage Notice?
    8.      What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ....................................................................................... 5
    9.      What does the Settlement provide?
    10.    What can I get from the Settlement?
    11.    When will I receive my payment?
    12.    What am I giving up to stay in the Settlement Class?

**HOW TO GET BENEFITS** ............................................................................................... 6
    13.    How do I get benefits?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................................... 7
    14.    How do I get out of the Settlement?
    15.    If I do not exclude myself, can I sue the Defendants for the same thing later?
    16.    If I exclude myself, can I still get benefits from this Settlement?
    17.    What about other cases involving the issues in this case?

**WHO REPRESENTS ME IN THIS CASE?** ...................................................................... 8
    18.    Who represents my interests in this case?

**OBJECTING TO THE SETTLEMENT** .............................................................................. 8
    19.    How do I tell the Court if I do not like the Settlement?
    20.    What is the difference between objecting and asking to be excluded?

**THE SETTLEMENT HEARING** ....................................................................................... 9
    21.    When and where will the Court decide whether to approve the Settlement?
    22.    Do I have to attend the hearing?
    23.    May I speak at the hearing?

**GETTING MORE INFORMATION** .................................................................................... 9
    24.    How do I get more information?

## BASIC INFORMATION

### 1. Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Scott H. Jenkins of the 261st Judicial District Court of Travis County, Texas is overseeing this case. This litigation is known as *State of Texas v. Farmers Group, Inc.,* No. GV202501. The people who sued are called the "Plaintiffs." The Defendants are: Farmers Group, Inc., Farmers Underwriters Association, Fire Underwriters Association, Farmers Insurance Exchange, Fire Insurance Exchange, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance Company, Farmers Texas County Mutual Insurance Company, Truck Insurance Exchange, and Truck Underwriters Association.

### 2. What is this lawsuit about?

The lawsuit claims that, during 1999 to 2003, the Defendants:

- Charged rates that resulted in excessive premiums for its homeowners policies written on a form approved by the Texas Department of Insurance ("TDI") called the HO-A and used unfair or deceptive practices involving the determination of certain fees, discounts, and policy offerings, and improper use of credit scoring and certain risk assessments.

- Failed to provide adequate notices that information on certain policyholders' credit reports may have impacted their premiums or policy placement and used anticompetitive practices in the sale and marketing of homeowners and automotive insurance policies.

- Improperly stopped offering a type of homeowners policy called the HO-B.

The Defendants deny these claims and maintain they did nothing wrong.

### 3. Why is this a class action?

In a class action, one or more people or entities sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." In this case, the representative entities are the State of Texas, the TDI, and the Texas Commissioner of Insurance. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or the Defendants. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that the Defendants did anything wrong. The Defendants deny all legal claims in this case. The TDI, the Texas Commissioner of Insurance, and the Attorney General of Texas think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT?

If you received this notice addressed to you in the mail (without requesting it), then you may be a member of one or more Settlement Classes. But even if you did not receive a notice, you may be a Class Member, as described below.

## 5. Who is included in the Settlement?

The Settlement includes three Classes. You may be member of more than one Class. You are included if you are or were covered under an included Texas policy issued by one of the Defendants and you meet the following criteria:

| CLASS | TYPE OF POLICY | CLASS DEFINITION |
|---|---|---|
| Rate Class | Homeowners policy | Policy began (or was renewed) from December 28, 2001 through November 10, 2002, or you received a notice at any time after November 14, 2001, that your HO-B policy would not be renewed (*see* Question 6). |
| Discount Class | Homeowners policy | Policy where, according to Defendants' records, you are eligible under the Settlement to receive recalculated discounts on your premiums from November 16, 2000 through December 10, 2002. |
| Credit Usage Notice Class | Homeowners or automobile insurance policy | Policy where, according to Defendants' records, you were provided or should have been provided a Credit Usage Notice from October 1, 1999 through February 28, 2003. |

## 6. What types of insurance policies are involved in the Settlement?

The Settlement includes Farmers homeowners policies written on TDI-endorsed forms described as HO-A (including TDP-1), HO-B (including HO-Protector Plus, HO380 endorsement, TDP-2, TDP-3, DF-Builders Risk, and HO-A with HO-170 endorsement), HO-B-CON, and HO-B-T, and all endorsements approved by TDI for use with such forms during the time periods described above. It also includes Farmers private passenger automobile insurance policies during the same time.

## 7. What is a Credit Usage Notice?

A Credit Usage Notice is a notice of "adverse action" under the Fair Credit Reporting Act ("FCRA"), a U.S. federal law. Adverse action could mean being denied credit, receiving substandard terms from a lender, or, as in this case, receiving higher insurance rates or being placed with a different insurer because of your credit information.

As part of the claim process (*see* Question 13), Credit Usage Notice Class Members will have the opportunity to access and review a copy of their credit reports.

## 8. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-888-222-0691 with questions or visit www.TexasFarmersSettlement.com. You may also write with questions to Texas Farmers Settlement, P.O. Box 9348, Minneapolis, MN 55440-9348.

# THE SETTLEMENT BENEFITS

## 9. What does the Settlement provide?

If the Settlement is approved and becomes final, it will provide certain cash benefits to eligible Class Members. There are approximately 1.8 million members of the Settlement Classes, but not all Class Members are eligible to receive cash payments for rate reductions or discounts. The Defendants will pay a total of $84.38 million to those members of the Rate Class and Discount Class who are eligible to receive a payment from the Settlement. The Defendants will also provide payments of $35 to eligible Credit Usage Notice Class Members who timely file proofs of claim and follow the process outlined in the Claim Form and in section IV(4) of the Settlement Agreement (*see* Question 13).

Policyholders who renewed or received a new HO-A insurance policy from the Defendants after November 11, 2002 and before September 1, 2003, have already received an additional reduction in premiums.

More details are in a document called the Settlement Agreement, which is available at www.TexasFarmersSettlement.com.

## 10. What can I get from the Settlement?

Not every Class Member will receive a payment. The amount of your payment will depend on which Class you are in and whether you are eligible to receive a payment under the terms of the Settlement Agreement. Depending upon your eligibility, you may receive payments under one or more of the Settlement Classes. Class Members may receive the following:

| CLASS | BENEFITS | NEED TO FILE A CLAIM? |
| --- | --- | --- |
| Rate Class | Payments for rate reductions on HO-A premiums (amounts will vary). | No, payments for rate reductions will be automatic for all eligible Rate Class Members. |
| Discount Class | Compensation for eligible Class Members based on negotiated discounts (amounts will vary). | No, payments to eligible Discount Class Members will be automatic. |
| Credit Usage Notice Class | Free access to policyholder credit report from Equifax and $35 payment if you complete the Claim Form process. | Yes (*see* Question 13). |

The Defendants also agreed to replace their Credit Usage Notice forms for Texas homeowners and automobile insurance policies with forms approved by the Texas Department of Insurance (TDI) and agreed to change certain marketing practices.

## 11. When will I receive my payment?

Class Members who are entitled to payments will receive them after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Settlement Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## 12. What am I giving up to stay in the Settlement Class?

If the Settlement becomes final, you will give up your right to sue the Defendants for the claims being resolved by this Settlement unless you exclude yourself from the case. The specific claims you are giving up against the Defendants are described in Section I of the Settlement Agreement. You will be "releasing" the Defendants and all related people as described in Section I of the Settlement Agreement. The Settlement Agreement is available at www.TexasFarmersSettlement.com.

The Settlement Agreement describes the "Released Claims" with specific descriptions, so read it carefully. If you have any questions about what this means, you can write to the Office of the Attorney General, Consumer Protection Division, P.O. Box 12548, Austin, TX 78711-2548. You can also talk to your own lawyer, if you have one.

Note: The release does not include individual claims or complaints about claims, payments, handling or processing made by individual policyholders or the TDI. The release also does not include certain claims made in two other class action lawsuits:
- *Geter v. Farmers Group, Inc.,* No. E-0167872—a class action relating to homeowners' insurance requesting a non-monetary judicial statement that Farmers acted improperly in not renewing HO-B policies for the class members, as was certified for a class action in the 172nd District Court of Jefferson County, Texas.
- *State of Texas v. Texas Farmers Insurance Company*, No. GV000271—a class action relating to automobile insurance in the 200th Judicial District Court of Travis County, Texas.

# HOW TO GET BENEFITS

## 13. How do I get benefits?

If you are a member of the Rate Class or Discount Class eligible to receive benefits under the Settlement Agreement, you will receive your payment automatically once the Settlement is finally approved. To file a claim as a member of the Credit Usage Notice Class, you must complete and submit a Claim Form. If you did not receive a Claim Form in the mail, you can request a Claim Form at www.TexasFarmersSettlement.com or by calling 1-888-222-0691. Please read the instructions carefully, fill out the Claim Form and mail it postmarked no later than **Month 00, 2015** to:

Texas Farmers Settlement
P.O. Box 9348
Minneapolis, MN 55440-9348

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from this Settlement, and you want to keep the right to sue the Defendants about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Classes.

## 14. How do I get out of the Settlement?

To exclude yourself from the Settlement Classes, you must mail a letter that says you want to be excluded from the Settlement in *State of Texas v. Farmers Group, Inc.,* No. GV202501. Your request must include:
- Your name, address, and telephone number;
- Whether you have or had a homeowners or automobile insurance policy from the Defendants, or both;
- The date the policy(ies) began and the most recent date of renewal (if known);
- The policy number(s); and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2015**, to:

Texas Farmers Settlement Exclusions
P.O. Box 9348
Minneapolis, MN 55440-9348

You cannot ask to be excluded on the phone, by email, or at the website.

## 15. If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves.

## 16. If I exclude myself, can I still get benefits from this Settlement?

No. You will not get the benefits provided if you exclude yourself from the Settlement. However, if you renewed an HO-A homeowners policy with the Defendants, the prospective Rate Reduction was reflected in your premiums between November 10, 2002 and September 1, 2003.

## 17. What about other cases involving the issues in this case?

You may have received or seen other notices about other class actions about insurance policy options, premium rates, and/or credit usage, including:
- *Fogel v. Farmers Group, Inc.,* No. BC 300142, a nationwide class in the Superior Court for the State of California for the County of Los Angeles (the "Fogel Action");
- *Geter v. Farmers Group, Inc.,* No. E-0167872 in the 172nd District Court in Jefferson County, Texas (the "Geter Action"); and
- *In re: Farmers Insurance Co., Inc. FCRA Litigation,* No. CIV-03-158-F, a nationwide class that includes all cases consolidated and coordinated in MDL No. 1564 in the U.S. District Court for the Western District of Oklahoma (often referred to as the "Mobbs Action").

If you were a Class Member in the Fogel Action, you are eligible to participate in this Settlement as well.

If you do not exclude yourself from this Settlement, you can receive benefits here and also participate in the Geter Action by seeking a judicial statement that Farmers acted improperly in not renewing HO-B homeowners policies to the class members. However, except as provided in the Settlement Agreement, you will give up all other claims, including any claims for monetary damages, related to the Geter Action.

If you filed a claim in the Mobbs Action (which was also FCRA-related), you are eligible to participate in the Rate Class and Discount Class benefits, but you are not eligible to receive a payment under the Credit Usage Fund.

## WHO REPRESENTS ME IN THIS CASE?

### 18. Who represents my interests in this case?

Your interests will be represented by the State of Texas through the Office of the Attorney General. You will not be charged for their services. By law, the Office of the Attorney General cannot represent you individually. If you want to be represented individually by your own lawyer, you are free to hire one at your own expense. You may write with any questions you may have about the information in this Notice to:

Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711-2548

## OBJECTING TO THE SETTLEMENT

### 19. How do I tell the Court if I do not like the Settlement?

If you are a member of the Settlement Classes (and do not exclude yourself), you can object to any part of the Settlement or the Settlement as a whole. To object, you must mail a letter that includes the following:

- A reference at the top to: *State of Texas v. Farmers Group, Inc.,* No. GV202501;
- Whether you intend to appear at the Settlement Hearing in person or through a lawyer (*see* Question 22);
- A detailed statement of the reasons you object to the Settlement;
- Your name (and your previous name if the name on the notice you were mailed was different), address, telephone number, and fax number (if you have one);
- Your type of policy(ies) and the policy number(s); and
- Your signature (or the signature of your authorized representative).

The requirements to object to the Settlement are described in detail in the Settlement Agreement in section VII. You must mail your objection to each of the following three addresses, and your objection must be postmarked by **Month 00, 2015**:

| COURT | ATTORNEY GENERAL | DEFENSE COUNSEL |
|---|---|---|
| District Court Clerk of Travis County, Texas 1000 Guadalupe Street Austin, TX 78701 | Joshua R. Godbey Assistant Attorney General Office of the Attorney General P.O. Box 12548 Austin, TX 78711-2548 | M. Scott Incerto Norton Rose Fulbright US LLP 98 San Jacinto Blvd., Suite 1100 Austin, TX 78701 |

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you don't exclude yourself from the Classes. Excluding yourself is telling the Court that you don't want to be part of the Classes. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak (see Questions 22 & 23), but you do not have to.

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Settlement Hearing at XX:00 x.m. on **Month 00, 2015**, at the District Court of Travis County, Texas, 1000 Guadalupe Street, Austin, TX 78701. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.TexasFarmersSettlement.com or call 1-888-222-0691. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 22. Do I have to attend the hearing?

No. The Office of the Attorney General will answer any questions the Court may have. But you or your own lawyer are welcome to attend at your expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also have your own lawyer attend, but it is not necessary.

## 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Settlement Hearing.

# GETTING MORE INFORMATION

## 24. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.TexasFarmersSettlement.com. You also may write with questions to Texas Farmers Settlement, P.O. Box 9348, Minneapolis, MN 55440-9348 or call the toll-free

number, 1-888-222-0691. You can also request a Claim Form at the website, or by calling the toll free number.

You may also write with any questions you may have about the information in this Notice to: Office of the Attorney General, Consumer Protection Division, P.O. Box 12548, Austin, TX 78711-2548. You can also get a copy of the Settlement Agreement at that address or at www.tdi.state.tx.us. Please do not contact the Court with any questions about the Settlement Agreement.



**Exhibit 2**

Texas Farmers Settlement Administrator
P.O. Box 9348
Minneapolis, MN 55440-9348

NAME / ADDRESS CORRECTIONS

**CLAIM FORM**

**TEXAS FARMERS SETTLEMENT**

TO: *<PREPRINT NAME>*

If you are a member of the Rate Class or Discount Class, you will receive your payment automatically once the Settlement is finally approved. To file a claim as a member of the Credit Usage Notice Class, you must complete and submit this Claim Form providing the information requested below.

More information is available at the official Settlement website, www.TexasFarmersSettement.com or call 1-888-222-0691. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **Month 00, 2015.**

**1. CLASS MEMBER INFORMATION.**

Name of Class Member: _____

Address: _____

_____

Telephone Number: (_____) _____

**2. INSURANCE POLICY INFORMATION.**

**Homeowners' Policy Information (if applicable):**

Name(s) of Insured(s), if different from above: _____

Policy Number(s): _____     Starting Date of Policy(ies): _____

Address of Insured Premises: _____

_____

Name of Agent: _____

**Automobile Policy Information (if applicable):**

Name(s) of Insured(s), if different from above: _____

Policy Number(s): _____     Effective Date of Policy(ies): _____

Address(es) of Insured(s), if different from above: _____

_____

Name of Agent: _____

Vehicle Identification Number (VIN) of Insured Vehicle: _____

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury that:

☐ I have not opted out of the Settlement Classes in this case and will not request exclusion from the Settlement Classes;

☐ I did not submit a claim form in the settlement in *In re Farmers Insurance Co, Inc. FCRA Litigation.* (also called the "Mobbs Action"), No. CIV-03-158-F, including all cases consolidated and coordinated in MDL No. 1564, in the U.S. District Court for the Western District of Oklahoma, which was finally approved on September 29, 2011;

☐ I have read and understand the contents of this Claim Form; and

☐ I am voluntarily submitting to the jurisdiction of the 261st Judicial District Court of Travis County, Texas for the purposes of this claim.

_____

*Signature*

_____        _____/_____/_____

*Print Name*                                                          *Month/Day/Year*

## 4. MAIL YOUR CLAIM FORM.

This Claim Form must be postmarked by **Month 00, 2015** and mailed to: Texas Farmers Settlement Administrator, P.O. Box 9348, Minneapolis, MN 55440-9348.



**Exhibit 3**

# If You Had Home or Auto Insurance in Texas,

## *You Could Benefit From A Class Action Settlement*

A Settlement has been reached with certain Insurance Exchanges and Providers ("the Defendants") in a class action lawsuit about the pricing and marketing of homeowners and automobile insurance policies. A complete list of Defendants is available at www.TexasFarmersSettlement.com. The Settlement provides payments to eligible policyholders.

### What Is This About?

The State of Texas claims that, during 1999 to 2003, the Defendants charged rates that resulted in excessive premiums for its HO-A homeowners policy and used unfair or deceptive practices involving the determination of certain fees, discounts, and policy offerings, and improper use of credit scoring and certain risk assessments.

The lawsuit also claims that, during the same time frame, the Defendants: 1) failed to provide adequate notices that information on certain policyholders' credit reports may have impacted their premiums or policy placement, 2) used anticompetitive practices in the sale and marketing of homeowners and automotive insurance policies, and 3) improperly stopped offering HO-B homeowners policies. The Defendants deny these claims and maintain they did nothing wrong.

### Who's Included?

Generally, the Settlement includes Texas homeowners or automobile insurance policyholders who had certain types of insurance policies with the Defendants between October 1, 1999 and February 28, 2003. The Settlement includes three Classes: Rate, Discount, and Credit Usage Notice. You may be member of more than one Class. More information about included policies is available at the website.

### What Can You Get?

The Defendants will pay rate reductions or discounts to the Rate Class and Discount Class Members (calculated on a case-by-case basis) and provide an additional sum to be paid to Rate Class and Discount Class Members with eligible claims proportionally. The Defendants will also provide payments of $35 to eligible Credit Usage Notice Class Members for not receiving adequate notice about the Defendants' use of their credit information. Policyholders who renewed or received a new HO-A insurance policy from the Defendants after November 11, 2002 and before September 1, 2003, have already received an additional reduction in premiums.

### How to Get Benefits.

Payments to the Rate and Discount Classes will be made automatically. You must submit a Claim Form by **Month 00, 2015** to get benefits as a Credit Usage Notice Class Member. If you did not receive one in the mail, you may request a Claim Form at the website or by calling 1-888-222-0691.

### Your Other Rights.

If you don't want a payment from this Settlement and you don't want to be legally bound by it, you need to exclude yourself in writing by **Month 00, 2015** or you won't be able to sue the Defendants about the claims in this case. If you ask to be excluded, you can't get a payment from the Settlement. If you stay in the Settlement, you may object to it by **Month 00, 2015**, but will be bound by the terms of the Settlement if it is approved by the Court.

You may have received or seen other notices about other class actions about insurance policy options, premium rates, and/or credit report usage. The website has more information about how these cases affect your eligibility to participate in this Settlement.

The Court will hold a hearing on **Month 00, 2015** to consider whether to approve the Settlement. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

## For complete information: Visit: www.TexasFarmersSettlement.com
## Call: 1-888-222-0691

# EXHIBIT B

REPORTER'S RECORD
VOLUME 1 OF 2 VOLUMES
TRIAL COURT CAUSE NO. D-1-GV-02-002501

| | | |
|---|---|---|
| STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE, AND THE TEXAS COMMISSIONER OF INSURANCE, | ) ) ) ) ) | IN THE DISTRICT COURT |
| Plaintiffs, | ) ) | |
| VS. | ) ) ) | |
| FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION, FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF TEXAS, AND FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | TRAVIS COUNTY, TEXAS |
| Defendants. | ) | 261ST JUDICIAL DISTRICT |

-----------------------------------------------------

HEARING ON JOINT MOTION FOR
PRELIMINARY APPROVAL OF SECOND AMENDED
SETTLEMENT AGREEMENT

-----------------------------------------------------

On the 1st day of July, 2015, the following

proceedings came on to be heard in the above-entitled

and numbered cause before the Honorable Scott H.

Jenkins, Judge presiding, held in Austin, Travis County,

Texas;

Proceedings reported by machine shorthand.

THE COURT: Thank you. Are we ready to move to our witnesses?

MR. GODBEY: Yes, Your Honor.

THE COURT: You may call your first witness.

MR. GODBEY: The State will call Commissioner David Mattax, Your Honor.

THE COURT: Please step forward in front of me and raise your right hand.

*(The witness was sworn)*

**DAVID MATTAX**,

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

BY MR. GODBEY:

Q. Good morning, Mr. Mattax. How are you today?

A. Fine. Good morning. Thank you.

Q. Would you please state your name for the record?

A. My name is David Calhoun Mattax.

THE COURT: And you don't have to worry about the microphone. In fact, you sit comfortably.

THE WITNESS: I should probably sit back.

Q. (BY MR. GODBEY) What is your current position?

A. I'm the commissioner of insurance for the State of Texas.

Court meets all of the procedural requirements of the statute that we're under under the Insurance Code, and I think it's fair and ready for approval. So I think the procedural safeguards Mr. Boyd talked about have in fact been made.

Q. Okay. And they continue to be made in this proceeding, correct?

A. I think that's the point of why we're here, yes.

Q. Otherwise, I wouldn't be here being allowed to cross-examine you, would I?

A. Sure. I don't know. I think you'd be allowed to do whatever Judge Jenkins lets you do, but ...

Q. Let me go to class notice. Do you know how much class notice is going to be in this -- if this class gets approved and class notice is going to go out, how much money will be spent on that?

A. I was given a number.

Q. Let me give it to you. It's about $2,550,000.

A. That sounds like the number I was given.

Q. Okay. And now, that is money -- and there's no opt out of that, is there?

A. No, the money -- right. You can't opt out of -- there's no opt out of paying that money, if that's your question.

A.   I don't know specifically how it's been carried.   I haven't seen a piece of paper that shows that.

Q.   We had those introduced and they're part of our exhibits --

A.   Then --

Q.   -- and we can talk about that if we need to.

A.   They will show what they show.

THE COURT:   Separate your speaking again, please.   The court reporter just can't do this.

Q.   (BY MR. LONGLEY)   As to class notice, I think we've agreed -- I want to make sure -- that the class notice is going to be paid from policyholder surplus.

A.   That's my understanding, and I assume I'll be corrected if I'm wrong.

Q.   And that's how you thought it was going to be paid last time?

A.   That's correct.

Q.   In other words, it hasn't changed from 2002 or '3 until now?

A.   That's my understanding.

Q.   And if it gets approved, that class notice can -- the way that you've set up this settlement is it will go out within 30 days of preliminary approval; is that correct?

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS  )

COUNTY OF TRAVIS    )

          I, Chavela V. Crain, Official Court Reporter in and for the 53rd District Court of Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered in evidence by the respective parties.

    WITNESS MY OFFICIAL HAND this the 13th day of July, 2015.

*/s/ Chavela V. Crain*
Chavela V. Crain
Texas CSR 3064, RMR, CRR
Expiration Date:  12/31/2015
Official Court Reporter
53rd District Court
Travis County, Texas
P.O. Box 1748
Austin, Texas 78767
(512) 854-9322
*

# EXHIBIT C

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00374-CV

---

Jan Lubin, Gilberto Villanueva, and Michael Paladino, Appellants

**v.**

**Farmers Group, Inc.; Farmer Underwriters Association; Fire Underwriters Association;**

**Farmers Insurance Exchange; Fire Insurance Exchange; Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas; Mid-Century Insurance**

**Company; et al, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT**

**NO. GV202501, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## O R D E R

**PER CURIAM**

Appellants seek an emergency stay of the sending of notices to the class preliminarily certified below by the district court until this Court rules in this interlocutory appeal. Because the district court's preliminary certification of a settlement-only class will cause immediate, significant and potentially irreparable effects in this case and to prevent interference or impairment with this Court's jurisdiction or the effectiveness of any appellate relief we may subsequently grant, the Order of Preliminary Approval, signed by the district court on June 27, 2003, is hereby stayed in all respects until further order of this Court.

It is ordered on this the 7th day of July, 2003.

Before Justices B. A. Smith, Yeakel and Puryear

# EXHIBIT D

CAUSE NO. D-1-GV-02-002501

| | | |
|---|---|---|
| CHARLES O. "CHUCK" GRIGSON, | § | IN THE DISTRICT COURT |
| | § | |
| Intervenors | § | |
| | § | |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, THE TEXAS | § | |
| DEPARTMENT OF INSURANCE, AND | § | |
| THE TEXAS COMMISSIONER OF | § | |
| INSURANCE, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| FARMERS GROUP, INC.. *et al.* | § | |
| | § | |
| Defendants. | § | 261ST JUDICIAL DISTRICT |

Filed in The District Court
of Travis County, Texas
JUL 1 3 2015
At 4:58
Velva L. Price, District Clerk

**ORDER DENYING INTERVENOR'S**
**REQUEST TO STAY SENDING OF CLASS NOTICE**

After due consideration of Intervenor's Request to stay the Sending of Class Notice, the

Court is of the opinion that such request should be overruled and it is therefore ORDERED that

Intervenor Chuck Grigson's Request to Stay the Sending of Class Notice is in all things

DENIED.

Signed this 13th day of July , 2015.

HONORABLE SCOTT H. JENKINS
JUDGE, 53rd DISTRICT COURT
TRAVIS COUNTY, TEXAS

# EXHIBIT E

NO. 03-15-00436-CV

_____

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT COURT
AUSTIN, TEXAS

_____

CHARLES O. "CHUCK" GRIGSON,
                                        APPELLANT
VS.

FARMERS GROUP, INC., FARMERS UNDERWRITERS ASSOCIATION,
FIRE UNDERWRITERS ASSOCIATION, FARMERS INSURANCE
EXCHANGE, FIRE INSURANCE EXCHANGE, TEXAS FARMERS
INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY OF
TEXAS, MID-CENTURY INSURANCE COMPANY, TRUCK INSURANCE
EXCHANGE, TRUCK UNDERWRITERS ASSOCIATION, FARMERS TEXAS
COUNTY MUTUAL INSURANCE COMPANY, AND THE STATE OF TEXAS,
THE TEXAS DEPARTMENT OF INSURANCE,
AND THE TEXAS COMMISSIONER OF INSURANCE,
                                        APPELLEES

_____

On Interlocutory Appeal from the 53rd District Court of Travis County, Texas

_____

**O R D E R**

_____

Appellant seeks an emergency stay of class notice to the classes preliminarily certified below by the district court until this Court rules in this interlocutory appeal. Because the district court's preliminary certification of settlement-only classes will cause immediate, significant and potentially irreparable effects in this case and to prevent interference or impairment with this Court's jurisdiction or the effectiveness of any appellate relief we may subsequently grant, the Order of Preliminary Approval, signed by the district court on July 6, 2015, is hereby stayed in all respects until further order of this Court. Because Appellees have already notified the classes by their

postings on their websites, Appellees are ordered to remove all such postings from the websites they control, including the following:

http://www.farmers.com/news/summary-notice-settlement-texas/;

www.TexasFarmersSettlement.com;

http://www.tdi.texas.gov/news/2015/tdi762015.html;

http://www.tdi.texas.gov/news/2015/documents/150706.docx;

http://www.tdi.texas.gov/news/2015/documents/150706s.docx;

https://www.texasattorneygeneral.gov/files/epress/files/2015/Preliminary_Approval_Order.pdf;

https://www.texasattorneygeneral.gov/files/epress/files/2015/SF-Final.pdf

It is ordered on this the 7th day of July, 2003.

Before Justices _____.